**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES, | |
| Plaintiff, | Case No. 2:18-CR-00228-RCJ-VCF |
| vs. | **ORDER** |
| GAVIN PHILLIPS, | |
| Defendant. | |

Despite the Court granting six continuances to the trial date, the parties have waited until the eve of trial to file numerous motions. Finding that the parties have either failed to request leave to file or failed to demonstrate the necessary good cause, the Court denies all of the motions.

**BACKGROUND**

In May 2018, two Las Vegas Metropolitan Police Department Officers, P. Boffelli (P#15013) and J. Marin (P#15026), pulled over Defendant and a passenger after allegedly witnessing Defendant commit traffic infractions at night.[1] The officers asked whether there were weapons or drugs in the car, and Defendant stated that there were neither. They also asked for consent to search the car, and Defendant declined.

---

[1] The background facts for the purposes of this motion are taken from the unobjected to report and recommendation, (ECF No. 40), from the Magistrate Judge regarding Defendant first motion to suppress, (ECF No. 25), which this Court adopted, (ECF No. 42).

The officers asked Defendant and his passenger to exit the vehicle out of concerns for their safety because Defendant was acting evasive and nervous and stated that he had a "warrant issue" with his license. After exiting the vehicle, Defendant stated, "Officer, just cuff me." Officer Marin handcuffed Defendant and asked why he made that statement. Defendant stated that there was a gun pushed down between the driver seat and middle console of his car. At this time, Defendant had not yet been placed under arrest and read his *Miranda* rights.

The Officers performed a check of their records and found that Defendant was an ex-felon. Accordingly, the officers stated that they were going to apply for a search warrant. They asked Defendant if they were going to find anything else in the search. Defendant stated that there was a clip under the driver's seat. The officers obtained a search warrant telephonically. Execution of the search warrant revealed the gun and ammunition in the car.

In August 2018, a federal grand jury returned an indictment against Defendant on two counts: felon in possession of a firearm and felon in possession of ammunition. (ECF No. 1.) Defendant moved to suppress the evidence acquired by the officers arguing that the traffic stop was improper, the officers exceeded the scope of the traffic stop by asking repeated questions and removing Defendant, Defendant's statements about the gun were given in violation of his *Miranda* rights, and the search warrant was invalid because there were alleged omissions and misrepresentations. (ECF No. 25.) The Court held a hearing on this motion in April 2019, (ECF No. 39), and denied all of these arguments, (ECF Nos. 40, 42).

After six continuations of this case, (ECF No. 53), the Court entered an order on January 23, 2020 stating that "each party shall have thirty (30) calendar days from the date of this order within which to file and serve any and all pretrial motions and notices of defense." (ECF No. 59) Accordingly, all pretrial motions were to be filed by Monday, February 24, 2020 (the thirty-day period ended on a Saturday). *See* Fed. R. Crim. P. 45(a)(1)(C).

1     Nonetheless, the parties filed numerous pretrial motions beginning on March 2, 2020. All

2 of the motions are untimely, however, Defendant requested leave to file two of these motions.

3 (ECF Nos. 78, 82).[2] The motions requesting leave to file seek consideration of Defendant's

4 renewed motion to suppress and motion to dismiss.

5 **LEGAL STANDARD**

6     A court may only consider an untimely pretrial motion upon a showing of good cause. Fed.

7 R. Crim. P. 12(c)(3). The determination of whether good cause exists "lies in the discretion of the

8 district court." *United States v. Anderson*, 472 F.3d 662, 669 (9th Cir. 2006) (quoting *United States*

9 *v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003)). Generally, "to obtain relief from waiver under Rule

10 12(e), a party must present a legitimate explanation for his failure to raise the issue in a timely

11 manner."[3] *Anderson*, 472 F.3d at 670 (citing *United States v. Davis*, 663 F.2d 824, 831 (9th Cir.

12 1981)).

13     Some examples of good cause include when a party could not have timely made the motion

14 because of a late production of discovery materials, *United States v. Kessee*, 992 F.2d 1001, 1003

15 (9th Cir. 1993); an intervening change in the law, *United States v. Mulder*, 889 F.2d 239, 240 (9th

16 Cir. 1989); or he only recently discovered evidence that was not readily available, *United States v.*

17 *Allen*, 583 F. App'x 808, 809 (9th Cir. 2014). Conversely, an inexcusable delay will negate claims

18 of good cause. *United States v. Wood*, 550 F.2d 435, 439 (9th Cir. 1976).

19 **ANALYSIS**

20     To show good cause, Defendant in both motions alleges that "he recently (last week)

21 became aware of additional information that warrants a pretrial motion." (ECF No. 78 at 3:5–6;

22

---

[2] The parties also filed a stipulation to begin trial one day later due to a scheduling conflict with a
23 Ninth Circuit Oral Argument. The Court grants this request, and trial shall begin on March 24,
2020.

[3] The effect of failing to timely raise pretrial motions "has been relocated from (e) to (c)(3)." Fed.
24 R. Crim. P. 12 Advisory Committee Notes to the 2014 Amendment.

ECF No. 82 at 3:5–6.) The only recently discovered material that Defendant points to in any brief is the discovery of *United States v. Jeremy Brian Kelly*, Case No. 2:18-cr-009-APG-GWF, where a defendant made similar allegations against the same officers. (ECF No. 77 at 6–7.) This is insufficient to demonstrate good cause.

First, the Court notes that this evidence would not likely change the outcome of the motion to suppress because as the Court noted, it "must consider Defendant's case and motion to suppress on its own merits. The Court cannot find that the Officers Marin and Boffelli acted improperly simply based on possible motives or the potential that a policy was improperly applied." (ECF No. 40 at 3:3–5.) The allegations of impropriety that Defendant makes do not go to the merits of the case and suppression.

Second, the information that Defendant "recently discovered" was readily available. The allegations in *Kelly* were made five months prior to Defendant's motion and there is no explanation as to why Defendant did not discover these allegations until a year later. The Court never reached the merits of these allegations as the defendant pleaded guilty before ruling on the motion. Indeed, the Government disclosed similar possible impeachment evidence of Officer Marin in open court, and the parties discussed the material at length. (ECF NO. 64 at 1–25.) Thus, Defendant was on notice to look for other indications of such evidence and to file the relevant pretrial motions for discovery of this alleged material.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's First Motion for Henthorn Material (ECF No. 69) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's First Motion in Limine (ECF No. 71) is DENIED.

IT IS FURTHER ORDERED that Stipulation to Continue (ECF No. 73) is GRANTED.

1    IT IS FURTHER ORDERED that Defendant's Motion for Notice of Intent to Introduce

2   Evidence Pursuant to FRE 404(b) (ECF No. 75) is DENIED.

3    IT IS FURTHER ORDERED that Defendant's Motion in Limine (ECF No. 76) is

4   DENIED.

5    IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (ECF No. 77) is

6   DENIED.

7    IT IS FURTHER ORDERED that Defendant's Motion for Leave to File Motion to Dismiss

8   (ECF No. 78) is DENIED.

9    IT IS FURTHER ORDERED that Plaintiff's Second Motion in Limine (ECF No. 79) is

10   DENIED.

11    IT IS FURTHER ORDERED that Defendant's Motion to Suppress (ECF No. 81) is

12   DENIED.

13    IT IS FURTHER ORDERED that Defendant's Motion for Leave to File Motion to

14   Suppress (ECF No. 82) is DENIED.

15    IT IS FURTHER ORDERED that Jury Trial is set for Tuesday, March 24, 2020 at 08:30

16   A.M. in LV Courtroom 4B.

17    IT IS SO ORDERED.

18   Dated March 11, 2020.

19

20   _____

21   ROBERT C. JONES
     United States District Judge

22

23

24